IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

EQUAL EMPLOYMENT )
OPPORTUNITY COMMISSION, )
)
    Plaintiff, )
)
PATSY CRAIG, )
)
    Intervenor Plaintiff, )
)
v. )  Case No. 13-CV-147-TCK-PJC
)
UNIT DRILLING COMPANY, )
)
    Defendants. )

## OPINION AND ORDER

Before the Court is the Plaintiff Equal Employment Opportunity Commission's ("EEOC") Motion to Quash or, in the Alternative, Modify Subpoenas Pursuant to Rule 45 and for Protective Order Pursuant to Rule 26. [Dkt. No. 84]. For the reasons set forth below, the Motion to Quash is **GRANTED**. Defendant may issue proper subpoenas in accordance with the guidelines set forth below.

EEOC has brought this action on behalf of Patsy Anne Craig and a class of female job applicants who EEOC claims were wrongly denied employment since at least 2008. [Dkt. No. 52, ¶8]. Other members of the class include Hali

Hollowell, Kim Wilson, Sydnea (Thomson) Hanses, and Samantha (Davidovich) Jacobson. [Dkt. No. 52, at 1-2].[1]

Defendant Unit Drilling Company ("Unit") has issued 17 subpoenas to educational institutions and past and present employers of four women who EEOC alleges were discriminated against by Unit. Subpoenas to educational institutions seek:

> All academic information and records, including without limitation, application for enrollment, transcript, and any information evidencing degree completion . . . .

[*E.g.*, Dkt. No. 84-2, subpoena to Vernon College].

The subpoenas to employers seek:

> All employment information and records, both past and present, including without limitation, job applications, resumes, references or histories; personnel evaluations; job performance reviews and evaluations; performance or personality tests and results; grievances and complaints; disciplinary, corrective, or counseling related records; licenses and licensing requirements, checklists or records; memberships in professional organizations; personnel files; tax, withholding, and payroll forms and records; benefits records; time sheets and records; advances, commissions, or any other employment-related activity or record.

[*E.g.*, Dkt. No. 84-4, Exhibit 7 to EEOC's Motion to Quash, Subpoena to Career College of Northern Nevada].

EEOC has moved to quash Unit's subpoenas on the grounds that they are overbroad and seek information irrelevant to the claims and defenses herein.

---

[1] The case was initially filed in the United States District Court for the District of Utah, and was transferred to this Court on March 13, 2013. [Dkt. No. 33].

EEOC has also moved for a Protective Order under Rule 26, seeking to modify the subpoenas. [Dkt. No. 84, at 2].

In response, Unit contends that EEOC lacks standing to challenge the non-party subpoenas and that the information sought is relevant with respect to job qualifications, background, mitigation of damages and damages sought.

# I
# Applicable Legal Principles

Pursuant to Rule 45, any party may serve a subpoena commanding a nonparty "to attend and testify" or to "produce designated documents." Fed.R.Civ.P. 45(a)(1)(A)(iii). A nonparty's failure to timely object to a Rule 45 subpoena generally requires the court to find that any objections have been waived. *Wang v. Hsu*, 919 F.2d 130 (10th Cir. 1990).

As a general rule, a party lacks standing under Fed.R.Civ.P. 45(d)(3) to challenge a subpoena issued to a nonparty unless the party claims a personal right or privilege with respect to the documents requested in the subpoena. *Howard v. Segway, Inc.*, 2012 WL 2923230, *2 (N.D.Okla. July 18, 2012). A party generally does not have standing to object to a subpoena served on a nonparty on grounds of the undue burden imposed on the nonparty, especially where the nonparty itself has not objected. *See Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636–37 (C.D.Cal. 2005).

Although Rule 45 does not include relevance as a reason for quashing a subpoena, it is well-settled that the scope of discovery under a subpoena is the

same as that under Rule 26(b) and Rule 34. *See* 9A Wright & Miller, *Federal Practice and Procedure* § 2452 (3d ed. 2008); *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D.Kan. 2003); *Barton v. Tomacek*, 2012 WL 4735927 at *3 (N.D.Okla. Oct. 3, 2012); *Howard*, 2012 WL 2923230, *2.

The scope of discovery defined by Rule 26(b) states that parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). At the discovery stage, "relevancy" is broadly construed. *Abel v. Mylan, Inc.*, 2010 WL 3910141, *1 (N.D.Okla. Oct. 4, 2010). However, discovery of matter that is not reasonably calculated to lead to discovery of admissible evidence is outside the scope of Rule 26(b). *Trentadue v. F.B.I.*, 572 F.3d 794, 808 (10th Cir. 2009). Furthermore, discovery is not unlimited. District courts enjoy broad discretion both to determine relevancy for discovery purposes, and to limit discovery to prevent its abuse. *Abel*, at *1-2; Fed.R.Civ.P. 26(b)(2).

When requested, a court may quash or modify a subpoena. Fed.R.Civ.P. 45(c)(3)(A). However, a party objecting to a subpoena served on a non-party must move to quash or seek a protective order. *See Moon*, 232 F.R.D. at 636. The party who moves to quash a subpoena has the burden of persuasion. *Id.* at 637.

## II
## EEOC's Standing

The first issue for determination is whether the EEOC has standing to challenge the subpoenas at issue either under Rule 45 or Rule 26(b) of the Federal Rules of Civil Procedure. The subpoenas were issued by Unit to various non-parties. Clearly, the individuals whose personnel and educational information has been requested would have standing to challenge these subpoenas. *See, Richards v. Convergys Corp.*, 2007 WL 474012 at *1 (D.Utah Feb. 7, 2007) (Party has a personal right in his employment records sufficient to confer standing); *Johnson v. Guards Mark Security*, 2007 WL 1023309 at *1 (N.D.Ohio March 31, 2007); *Stewart v. Mitchell Transport*, 2002 WL 1558210 at *2 (D.Kan. July 11, 2002); *Beach v. City of Olathe, Kansas*, 2001 WL 1098032 at *1-*2 (D.Kan. Sept. 17, 2001). Likewise, a party has a personal right in his or her educational records. *See, Cruthis v. Vision's*, 2013 WL 6332679 at *1-*2 (E.D.Ark. Dec. 5, 2013); *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 at n.1 (S.D.Ohio May 6, 2011).

The question then is, does EEOC have standing to object to the subpoenas on behalf of the claimants. Courts are split on this issue. For example, in *EEOC v. United Galaxy*, 2011 WL 4072039 (D.N.J. Sept. 13, 2011), the court found that the EEOC lacked standing to challenge a subpoena issued to a non-party law school. However, the court's decision was based on the fact that the EEOC had failed to assert any claim of personal right or privilege with respect to the

subpoenaed documents and had failed to show how the charging party's rights were compromised by the subpoena. *Id.* at *2. That is not the case here. In *EEOC v. Serramonte*, 237 F.R.D. 220 (N.D.Cal. 2006), the Defendant served subpoenas on the charging party's employers and health care providers. Without discussion, the court held: "The EEOC has standing as Plaintiff to move to quash. It is immaterial that it has no standing to object as the non-recipient of the subpoenas, since it has standing as Plaintiff to file a motion to quash on all the same grounds." *Id.* at 223.

In other cases, courts have reached no final decision on the standing issue, but have allowed EEOC to make certain objections on behalf of claimants. *E.g.*, *EEOC v. Rexnord Indus., LLC*, 2012 WL 2525652, *5 (E.D.Wis. June 29, 2012) (Court "will err on the side of the EEOC's standing to bring this motion to quash and will not dismiss the motion on this ground."); *EEOC v. Windmill Intern., Inc.*, 2012 WL 3583436, *3 (D.N.H. Aug. 20, 2012) ("Rather than attempting to blaze a new trail through an interesting but complex area of the law, this court, like Judge Wright in *Premier Well*, will simply assume that the EEOC has standing to move for the relief it seeks.")

The Court finds greater comfort in the conclusion of Magistrate Judge Hegarty in *EEOC v. Original Honeybaked Ham Co. of Georgia, Inc.*, 2012 WL 934312 (D.Colo. March 19, 2012). There, as in this case, the Defendant issued subpoenas to a host of past and subsequent employers of claimants represented

6

by the EEOC. EEOC moved to quash asserting standing to protect the privacy rights of the employees it represented. The court held that the EEOC had "limited standing" to assert the privacy interests of the employees. *Id.* at *2.

Similarly, here the EEOC has, among other things, moved to quash in order to protect the privacy rights of the employees it represents. The Court finds that EEOC has standing to move to quash on this basis. At the hearing held January 7, 2014, Unit argued that EEOC is not the attorney for the individual claimants, and that there is no attorney-client relationship. The Court is not persuaded by this argument. EEOC is the Plaintiff in this case, representing and advocating the interests of these individual claimants. EEOC has standing to the extent that it seeks to protect any implicated privacy rights of the claimants. Since EEOC stands in the shoes of the employees with respect to asserting privacy rights, EEOC may seek to quash a subpoena for personnel or educational records unless those records are relevant to the issues presented in the lawsuit.

### III
### Relevance/Privacy Analysis

Unit's subpoenas are extraordinarily broad and contain the sort of boilerplate language this Court has frequently complained about. *See, Howard v. Segway*, 2013 WL 869955 (N.D.Okla. March 7, 2013); Judge Paul J. Cleary, *Some Thoughts on Discovery and Legal Writing*, 82 Okla. B. J. 2923 (Dec. 10, 2011). For example, the employment subpoenas seek "any and all documents . . . related

in any way" to a wide range of topics such as personality tests, licenses, memberships in professional organizations, salary advances, commissions, benefits records and tax, withholding and payroll information. In one instance (Claimant Jacobsen), Unit seeks a litany of documents related to employment that ended in 2005 – five years before the claimant's application to work for Unit. In another case (Claimant Hollowell), Unit seeks transcripts of college course work that was performed while the claimant was a minor and at least a year before her job application with Unit.

The subpoenas are overbroad on their face. *See Richards*, 2007 WL 474012 at *3 (blanket request for all documents regarding a plaintiff's employment is overly broad.). A discovery request such as Unit has made would be objectionable under Rule 26 and Rule 34, and, thus, under Rule 45 as well.

It is clear that Unit made little effort to tailor its subpoenas to the case at hand. The subpoenas are overbroad as to the time period for which information is sought as well as to the breadth of personal information sought.

For the reasons stated above, the Motion to Quash is **GRANTED.** Unit may issue proper subpoenas appropriately tailored to legitimate issues in the lawsuit. As guidance, the Court believes that the following areas of inquiry are appropriate:

A. Information *before* claimants sought employment with Unit.

Employment information should be limited to dates of employment and job description. Educational information should be limited to dates of enrollment.

B. Information *after* claimants sought employment with Unit.

Employment information should be limited to dates of employment, reason for leaving job and mitigation evidence such as wage and benefits data. Educational information should be limited to dates of enrollment.

IT IS SO ORDERED this 13th day of January 2014.

_____
Paul J. Cleary
United States Magistrate Judge