IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| PATSY CRAIG, | ) ) |
| Intervenor Plaintiff, | ) ) |
| vs. | ) Case No. 13-CV-147-TCK-PJC ) |
| UNIT DRILLING COMPANY and UNIT CORPORATION, | ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is the Motion to Strike Unit Drilling's Answer filed by Plaintiff Equal Employment Opportunity Commission ("EEOC") on April 24, 2014 (Doc. 103).[1] The EEOC requests the Court strike four affirmative defenses asserted in the answer filed by Defendant Unit Drilling Company ("Defendant").[2]

---

[1] The EEOC requests an expedited ruling on its motion in the event that the resolution of this motion would impact the scope of discovery, which ends on June 20, 2014, under the current scheduling order.

[2] In the motion, the EEOC seeks to have Defendant's answer stricken as untimely. On May 2, 2014, Defendant filed an Unopposed Motion for Leave to File Answer Out of Time (Doc. 108). The Court granted the motion on May 7, 2014, and deemed Defendant's answer timely filed (Doc. 111). Therefore, only that portion of the motion to strike regarding Defendant's affirmative defenses remains pending.

**I.      Background**

On February 4, 2009, Plaintiff-Intervenor Patsy Craig ("Craig") filed a charge of discrimination with the EEOC alleging sex discrimination by Defendant. In her charge, Craig claimed she was not hired by Defendant because she is female. After Craig filed her charge, the EEOC began to investigate her claim. The EEOC eventually filed suit against Defendant and Unit Corporation[3] on September 28, 2012, on behalf of Patsy Craig and "a class of female applicants" alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991.

On April 29, 2013, Defendant moved to dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Among other arguments, Defendant contended that: (1) the EEOC actually failed to satisfy the administrative prerequisites before filing suit, and (2) the EEOC failed to properly plead satisfaction of the administrative prerequisites. On November 1, 2013, the Court denied Defendant's Motion to dismiss, finding that the EEOC had actually satisfied the administrative prerequisites and properly plead such satisfaction in the First Amended Complaint. (Doc. 76.)

**II.     Motion to Strike**

The EEOC moves to strike Defendant's second, third, fourth, and fifth affirmative defenses, which read as follows:

> 2. Plaintiff fails to plead facts showing that, prior to bringing this action, it satisfied the mandatory administrative prerequisites necessary to establish this Court has subject matter jurisdiction.

---

[3] On April 19, 2013, the EEOC filed a First Amended Complaint, abandoning its claims against Defendant Unit Corporation and asserting claims only against Unit Drilling Company. (Doc. 52.)

3. Plaintiff failed to actually satisfy, prior to bringing this action, the mandatory administrative prerequisites necessary for this Court to have subject matter jurisdiction.

4. Plaintiff failed to provide Unit Drilling with adequate pre-suit notice of all claims.

5. Plaintiff failed to engage in a good faith attempt at conciliating all claims prior to bringing this action.

(Doc. 101 at 3.) EEOC argues these affirmative defenses should be stricken because they were previously raised and adjudicated in the context of Defendant's motion to dismiss.

Rule 12(f) of the Federal Rules of Civil Procedure permits an "insufficient defense" to be stricken from a pleading. Under Rule 12(f), a defense is insufficient if it cannot succeed, as a matter of law, under any circumstances. *United States v. Hardage*, 116 F.R.D. 460, 463 (W.D. Okla. 1987); *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 648-49 (D. Kan. 2009). "On a motion to strike affirmative defenses, the Court must examine each affirmative defense at issue to ascertain whether any question of fact or law is raised by the defense. If a defense raises such a question, then the motion to strike is improper and the issue must be decided subsequently on the merits, when more information is available." *Hardage*, 116 F.R.D. at 463. Motions to strike are a drastic remedy and are disfavored by courts. *See Oilfield Improvements, Inc. v. Coston*, No. 10-CV-577-TCK-TLW, 2012 WL 1752994, at *1 ("Striking a pleading or part of a pleading is a drastic remedy and because a motion to strike may often be made as a dilatory tactic, motions to strike under Rule 12(f) generally are disfavored.") (internal quotation marks omitted); *Lane v. Page*, 272 F.R.D. 581, 596 (D.N.M. 2011)("[M]otions to strike, in most cases, waste everyone's time.").

The Court addressed the administrative prerequisites, pre-suit notice, and conciliation in its Opinion and Order denying Defendant's Motion to Dismiss. In doing so, the Court found that the administrative prerequisites had been satisfied (at least on the information available at that juncture

3

of the proceedings) and, thus, that the challenged affirmative defenses are legally insufficient. However, these affirmative defenses relate to the Court's subject matter jurisdiction, which may be challenged at any point in the proceeding. *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). Further, there is no real need in this case to invoke such a drastic remedy. Striking the affirmative defenses would not materially alter or limit the parties' discovery, and the EEOC has failed to demonstrate that it will suffer any hardship or prejudice if the motion to strike is denied. The record clearly indicates the Court's prior ruling and further action is unnecessary.

**III.     Conclusion**

Plaintiff Equal Employment Opportunity Commission's Motion to Strike Unit Drilling's Answer (Doc. 103) is DENIED.

SO ORDERED this 28th day of May, 2014.

_____
**TERENCE KERN**
**United States District Judge**