IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

EQUAL EMPLOYMENT )
OPPORTUNITY COMMISSION, )
)
    Plaintiff, )
)
PATSY CRAIG, )
)
    Intervenor-Plaintiff, )
)
v. ) Case No. 13-CV-147-TCK-PJC
)
UNIT DRILLING COMPANY, )
)
    Defendant. )

## OPINION AND ORDER

Before the Court is the Motion to Compel Discovery Responses filed by Plaintiff Equal Employment Opportunity Commission ("EEOC"). [Dkt. No. 148]. EEOC seeks to compel Unit Drilling Company ("Unit") to produce additional information in response to five discovery requests; EEOC also seeks to have its Request for Admission ("RFA") No. 1 deemed admitted due to Unit's improper response.

The Court will address the RFA first. The fight over this issue is symptomatic of the senseless fighting that has pervaded discovery in this case. RFA No. 1 concerns a letter written by Kristin VanOrman ("the VanOrman letter"), responding to a Charge of Discrimination filed in February 2009 with the Utah Antidiscrimination and Labor Division ("UALD") by Plaintiff-Intervenor

1

Patsy Craig. Kristin VanOrman is a Salt lake City, Utah, lawyer hired by Unit. The VanOrman letter was submitted to UALD on Unit's behalf to convince the agency to dismiss Craig's discrimination charge.

RFA No. 1 asks Unit to admit the following:

> Unit Drilling submitted the letter dated March 17, 2009, attached as Exhibit 1, to the Utah Antidiscrimination and Labor Division in response to Patsy Craig's Charge of Discrimination.

In response, Unit neither admitted nor denied RFA No. 1. Instead, Unit stated:

> Unit Drilling admits Kristin VanOrman submitted the letter dated March 17, 2009, to the Utah Antidiscrimination and Labor Division. Unit Drilling denies the letter accurately depicts the facts surrounding Patsy Craig's application for employment to Unit Drilling.

[Dkt. No. 148, p. 6].

At first blush, this response implies that VanOrman submitted this letter to the UALD without authorization from Unit. However, that is clearly not so. Unit's Rule 30(b)(6) witness, John Cromling, testified as follows at his deposition on June 18:

> Q. And the author of the response is listed as Kristin VanOrman, counsel for Unit Drilling Company; is that correct?
> A. Yes.
> Q. Unit Drilling authorized Miss VanOrman to submit this response; correct?
>       \*          \*          \*
> A. Yes.
> Q. Did Unit Drilling review the response before it was submitted?
> A. Legal would have; I wouldn't.

    Q.    But Unit Drilling did?
    A.    Yes.
    Q.    And the purpose of that review would be to make sure it's accurate; is that right?
    \*    \*    \*
    A.    I would assume so.

[Dkt. No. 158-5, Cromling dep., p. 47 at line17 to p. 48, line 14].

Cromling also testified:

    Q.    This is Unit Drilling Company's response to Patsy Craig's charge of discrimination; correct?
    A.    Yes.
    Q.    And Unit Drilling submitted this to the Utah anti-discrimination labor division in response to that charge of discrimination; correct?
    A.    Yes.

[*Id.* at p. 49, lines 9-16].

Cromling testified further:

    Q.    But it is your testimony that this was submitted on behalf of Unit Drilling; correct?
    A.    Yes.
    Q.    And it was reviewed by Unit Drilling before it was submitted; correct?
    A.    Yes.

[*Id.*, p. 62, lines 14-19].

Unit's refusal to admit RFA No. 1 is ridiculous. Such conduct is a waste of the Court's time and the parties' time and money. Fed.R.Civ.P. 36(a)(6) provides:

> **Motion Regarding the Sufficiency of an Answer or Objection.** The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. The court

3

may defer its final decision until a pretrial conference or a specified time before trial. Rule 37(a)(5) applies to an award of expenses.

The Court finds that RFA No. 1 should be **DEEMED ADMITTED**.

**Discovery: Applicable Legal Principles**

It is generally understood that discovery under the Federal Rules is limited by relevance and burdensomeness. *Rich v. Martin Marietta Corp.*, 522 F.2d 333, 343 (10th Cir.1975); *Littlebear v. Advanced Bionics*, LLC, 2012 WL 2979023, *1 (N.D.Okla. July 20, 2012). Following the 2000 amendment of Fed.R.Civ.P. 26, the Tenth Circuit Court of Appeals noted:

> This change implemented a two-tiered discovery process; the first tier being attorney-managed discovery of information relevant to any claim or defense of a party, and the second being court-managed discovery that can include information relevant to the subject matter of the action. See, e.g., 6 James Wm. Moore et al., Moore's Federal Practice § 26.41[1] (3d ed.2007) [hereinafter Moore's]; 8 Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure § 2008 (2d ed.2008) [hereinafter Federal Practice]; Thomas D. Rowe, Jr., A Square Peg in a Round Hole? The 2000 Limitation on the Scope of Federal Civil Discovery, 69 Tenn. L.Rev. 13, 17 (2001). Accordingly, when a party objects that discovery goes beyond that relevant to the claims or defenses, "the court would become involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action." Fed.R.Civ.P. 26 advisory committee's note (2000). This good-cause standard is intended to be flexible. Id. When the district court does intervene in discovery, it has discretion in determining what the scope of discovery should be.

*In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1188–1189 (10th Cir.2009).

While Rule 26 still contemplates liberal discovery and broad concept of relevance, the Rule also recognizes that discovery must be proportionate to the

case and issues at hand. Fed.R.Civ.P. 26(b)(2). Thus, trial courts have broad discretion in managing discovery matters and are subject to review only for abuse of discretion. *Smith v. Sentinel Inc. Co., Ltd.*, 2011 WL 2883433, *1 (N.D.Okla. July 15, 2011).

Rule 26(b)(1) provides that parties may obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R .Civ.P. 26(b)(1). At the discovery phase of litigation "relevancy" is broadly construed.

## EEOC's Five Discovery Issues

EEOC seeks to compel additional information in five categories[1]: (1) Payroll information as to employee start date, end date and promotions between January 2008 and December 2013; (2) Daily Drilling Reports for 2008-13; (3) Drilling rig job applications for 2008-13; (4) Hiring spreadsheets 2008-13; (5) Job applicant interview notes, 2008-13.

The purpose of this discovery is largely to enable EEOC to perform a back pay damage calculation; however, EEOC also seeks information related to the

---

[1] The Court limited the geographical scope of discovery to Unit rigs Nos. 232 and 115, and all other rigs within 100 miles of Casper and Pinedale, WY, and Oklahoma City, OK. [Dkt. No. 112, p. 6].

number of hours employees worked, when job openings occurred on rigs, and the basis for hiring decisions. [Dkt. No. 148 & 166].

Unit objects that it has provided information it was required to produce, that additional information requested is irrelevant, overly broad and unduly burdensome. [Dkt. No. 156].

The Court has examined the submitted briefs and finds that oral argument would be of little assistance in resolving this matter.

## Discussion

(1) Payroll Information – Motion **GRANTED**.

Pursuant to the Court's May 9, 2014 Order, Unit was to produce its Master Payroll file for the period January 1, 2008 to December 31, 2013. [Dkt. No. 112, p. 6]. In its response to EEOC's Motion to Compel, Unit states that it has produce "payroll data sufficient to calculate potential back pay damages for the claimants." Unit was ordered to produce its Master Payroll File for the specified time period and geographic location. Unit shall produce its Master Payroll File, as previously Ordered.

(2) Daily Drilling Reports – Motion **DENIED**.

Unit has admitted that it did not hire any female rig hands during the January 1, 2008 – December 31, 2013, time period. [Dkt. No. 156-3, pp. 6-7]. Unit has produced pay records for employees on various rigs. The Court envisioned in its May 9 Order that production of sufficient information might

eliminate the need for Unit to produce Daily Drilling reports. [Dkt. No. 112, pp. 6-7]. The Court finds that Unit's production is sufficient and proportionate to the discovery EEOC needs to pursue its claims herein.

(3) Job Applications – Motion **DENIED**.

Rather than produce all job applications from Unit's personnel files, Unit produced a list of rig hands hired during the relevant time period and invited EEOC to select a reasonable number of applications for review. [Dkt. No. 156-11, p. 8]. The Court finds this an appropriate discovery response, proportionate to the needs of the case.

(4) Hiring Spreadsheets – Motion **DENIED**.

In March, Unit produced hiring spreadsheets for the specific years the individual claimants herein submitted job applications to Unit. EEOC logged no objection until the last day of discovery. The Court finds Unit's production is sufficient for EEOC's needs in pursuing the claims herein.

(5) Interview Notes – Motion **DENIED**.

The Court finds EEOC's request for interview notes from job interviews conducted over a six-year period to be excessive and disproportionate to the discovery necessary to pursue its claims herein.

**ACCORDINGLY**, the Motion to Compel is **GRANTED IN PART AND DENIED IN PART** as outlined above.

**IT IS SO ORDERED** this 21st day of July 2014.

Paul J. Cleary
United States Magistrate Judge