IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| PATSY CRAIG, | ) ) | |
| Intervenor-Plaintiff, | ) ) | |
| v. | ) ) | Case No. 13-CV-147-TCK-PJC |
| UNIT DRILLING COMPANY, | ) ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Equal Employment Opportunity Commission's ("EEOC") Motion for Leave to Take Deposition and Obtain Documents Based on Renewed 30(b)(6) Testimony. [Dkt. No. 183]. As usual, EEOC has requested an expedited ruling.[1] In the pending motion the EEOC seeks, yet again, to determine the factual basis for Unit Drilling Co.'s ("Unit") response to a charge of gender discrimination filed by Plaintiff-Intervenor Patsy Craig.[2]

---

[1] This is at least the tenth occasion on which EEOC has requested an expedited ruling on a motion due to impending scheduling deadlines. *See* Dkt. Nos. 84, 98, 103, 114, 132, 141, 148, 149, 171 & 185.

[2] The response was contained in a letter ("the VanOrman letter") to the Utah Anti-Discrimination and Labor Division ("UALD") and authored by attorney Kristin VanOrman ("VanOrman") on Unit's behalf.

1

EEOC complains that Unit has failed twice to adequately prepare its corporate designee on this subject and that it now should be allowed to depose VanOrman because there is no other means available to secure the information it seeks. The VanOrman letter has been the subject of several previous Court rulings. *E.g., E.E.O.C. v. Unit Drilling Co.*, 2014 WL 3572219 (N.D.Okla. July 21, 2014; *E.E.O.C. v. Unit Drilling Co.*, 2014 WL 3548845 (N.D.Okla. July 17, 2014). *See also* Dkt. Nos. 131, 145, 146, 167, & 169.

In addition, EEOC's effort to depose VanOrman, pursuant to subpoena, was the subject of a Memorandum Decision and Order issued by the U. S. District Court for the District of Utah. *Unit Drilling Company v. E.E.O.C.*, 2014 WL 2800755 (D.Utah June 19, 2014). In that decision, U.S. Magistrate Judge Paul M. Warner quashed the subpoena, finding that EEOC had failed to satisfy the criteria set forth in *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986) regarding deposition of opposing counsel. Within one week of that ruling, the EEOC asked Magistrate Judge Warner to reconsider his decision to quash the subpoena. That Motion to Reconsider is still pending in the Utah Court.

EEOC first took a Rule 30(b)(6) deposition regarding the VanOrman letter on June 19-19, 2014.[3] On June 24, 2014, EEOC sought leave to take an additional Rule 30(b)(6) examination, because Unit's witness had failed to

---

[3] Discovery cutoff was June 20, 2014.

2

adequately educate himself on the subject of the VanOrman letter in preparation for the first Rule 30(b)(6) deposition. This Court agreed and on July 17, 2014, the Court directed a second Rule 30(b)(6) deposition. [Dkt. No. 167]. The second Rule 30(b)(6) deposition was held on July 29, 2014. The pending motion was filed nearly three weeks later, on August 15, 2014.[4]

DISCUSSION

Even after preparation for a second Rule 30(b)(6) deposition regarding the VanOrman letter, Unit was still unable to explain the grounds for the letter. Pursuant to *Shelton*, depositions of opposing counsel are permitted only under limited conditions "where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case. *Id.*, at 1327 (internal citation omitted).[5] This Court has previously held that the factual basis for the VanOrman letter is relevant, for purposes of Fed. R. Civ. P. 26, and is not privileged. After reviewing the latest deposition of Unit's corporate representative, the Court finds that Unit's corporate position is that it does not know the basis for the assertions made in the VanOrman letter. However, Unit

---

[4] The delay is peculiar in light of EEOC's many requests for expedited treatment of its various motions.

[5] The Tenth Circuit approved the *Shelton* criteria in *Boughton v. Cotter Corp.*, 65 F.3d 823, 830 (10th Cir. 1995). The Court stated, however, that a protective order is appropriate where one or more of the *Shelton* factors are not met. *Id.*

contends that the assertions contained in the letter are false and that Unit's reason for not hiring Patsy Craig is entirely different than the reasons proffered in VanOrman's letter.

As this Court has previously noted, EEOC is entitled to explore the factual basis for the assertions in the VanOrman letter. The information is relevant and not privileged. It now appears that despite Unit's efforts, the company still does not know how its attorney came to make the factual assertions she did to the UALD. The Court concludes that under these circumstances, the only means available to explore the basis for this letter is to depose VanOrman.

Since the credibility of Unit's explanation for its job hiring decisions will be a focus of this case, the material does appear critical to EEOC's case.

In this Court's view, a short deposition of VanOrman limited to the factual basis of her letter is in line with the holding of *Shelton*.

THEREFORE, the EEOC's Motion [Dkt. No. 183] is GRANTED under the conditions outlined below.

(1) The deposition shall last no more than three (3) hours, unless there is improper interference with the questioning.

(2) Questioning is limited to the factual basis for VanOrman's assertions in the letter and who at Unit reviewed the letter before it was sent to the UALD. Any attempt to invade the province of attorney-client privilege

or work-product protection may result in immediate termination of the deposition.

(3) The deposition is to be scheduled and completed as soon as possible – by September 17, 2014, at the latest.

This Court emphasizes that discovery in this case has long ended and no further discovery motions will be entertained.

**DATED** this 2nd day of September 2014.

_____
Paul J. Cleary
United States Magistrate Judge